## AMDUR v. JACOBSEN.

Court of Appeals of District of Columbia.
Submitted February 8, 1927. Decided
April 4, 1927.

No. 4456.

Appeal and error ⊜⟶999(3)—Jury's finding of fact as to automobile driver's liability under last clear chance doctrine held conclusive.

In action for personal injuries from being struck by automobile, jury's finding of fact on issue of defendant's liability under last clear chance doctrine is conclusive.

Appeal from the Supreme Court of the District of Columbia.

Action by Sara Amdur against Eugene R. Jacobsen. Judgment for defendant, and plaintiff appeals. Affirmed.

J. A. O'Shea and J. H. Burnett, both of Washington, D. C., for appellant.

G. B. Craighill and C. B. Tebbs, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is by the plaintiff below from a judgment in favor of the defendant in an action

to recover damages for personal injuries sustained through the alleged negligence of the defendant.

It is alleged in the declaration that on January 31, 1919, between 9 and 10 o'clock p. m., defendant, driving an automobile in a southerly direction on Fifteenth street and around the northwest corner of Fifteenth and H streets, N. W., in the city of Washington, to go westwardly along H street, struck plaintiff, who was crossing H street, causing the injuries complained of.

The declaration in the first count sets out a large number of traffic regulations, charging the defendant with the violation of each of them. The second and third counts are based on allegations of negligence in the operation of the automobile, such as failure to keep proper lookout, to keep the automobile under proper control, to sound a warning of his approach, and of driving at an excessive rate of speed.

Issue was joined upon a plea of not guilty. The trial turned solely upon questions of fact. No errors were assigned on the reception of testimony. The assignments of error relate solely to the refusal of the court to grant eight separate prayers offered by counsel for the plaintiff. The court instructed the jury at length, and, from a careful examination of the charge, we find that all the material matters contained in the prayers were covered by the court in his charge. No exception was taken to the court's charge, which fully covered the case.

The court, as is customary in this District in personal injury cases, and properly in this instance, modified to the point of elimination the issue of contributory negligence, as well as concurring negligence, by submitting the case to the jury under the rule of last clear chance. This, of course, was highly favorable to the plaintiff, but, notwithstanding, the jury resolved the issues of fact in favor of the defendant. There being no issue of law left to determine, the finding of the jury upon the facts is conclusive.

The judgment is affirmed, with costs.